325600

STATE OF MICHIGAN

IN THE 14TH CIRCUIT COURT
FOR THE COUNTY OF MUSKEGON

\* \* \*

PEOPLE OF THE STATE
OF MICHIGAN,

      Plaintiff                File #14-64458-FC

   V

DEREK JAMES RAINBOLT,

      Defendant.
------------------------------------------------------\

MOTION TO ADJOURN TRIAL

BEFORE THE HONORABLE WILLIAM C. MARIETTI,

Muskegon, Michigan, on Wednesday, September 3, 2014.

APPEARANCES:

For the Plaintiff:  Christina E. Johnson

For the Defendant:  Paula Baker

CALENDARED

NANCY A. WATERS
MUSKEGON COUNTY CLERK
FILED
2015 FEB 13 P 2:52

Transcribed by:  MILLS COURT REPORTING
                1615 Sunset
                N Muskegon, MI 49445
                231-744-6823
                BOBBIE SPRINGER, CER-3408

RECEIVED
SEP 16 2015
COURT OF APPEALS
THIRD DISTRICT

---

Mills Court Reporting,  1615 Sunset, N Muskegon, MI 49445  231-744-6823

(Videotape, 09-03-14; 2:14:37)

INDEX

| | | | |
|---|---|---|---|
| WITNESSES: | PEOPLE | | PAGE |

　None.

WITNESSES:   DEFENDANT

　None.

EXHIBITS:                              identified    received

　None.

Mills Court Reporting,  1615 Sunset, N Muskegon, MI 49445  231-744-6823

2

*Certified Document - File Locator: MUS-J68GD6-A0C8FB2E - Monday, May 07, 2018 3:12 PM Eastern Daylight Time - Page 40 of 50*

(Videotape, 09-03-14; 2:14:37)

1  THE COURT: This is People versus Rainbolt, file
2  number 14-64458 and I have before me a motion to suppress
3  a statement filed on behalf of the Defendant. I believe
4  it's your motion, Ms. Baker.
5  MS. JOHNSON: Your Honor, I didn't think we were
6  here for that. That was just filed yesterday.
7  THE COURT: Right. Oh, what are we here on
8  today?
9  MS. JOHNSON: We're here on my motion to adjourn
10 trial.
11 THE COURT: Oh, okay. That's much easier. All
12 right. I guess I didn't get a copy of that motion but,
13 anyway, go ahead. State your case if you want,
14 Ms. Johnson.
15 MS. JOHNSON: Your Honor, for a little procedural
16 history, this case had a prelim on February 20th, 2014, at
17 which time my office spoke with previous defense counsel,
18 Mr. Nolan, and indicated that if the case was not resolved
19 via plea we would be charging -- amending the charges to a
20 CSC 1 from a CSC 3. That was the discussion all the way
21 through the case. When that motion was filed in June of
22 2014 the defense requested a remand for prelim. That
23 prelim was held on July 2nd, 2014. At that time the
24 Defendant's bond was reduced to a 10%, $200,000 bond and
25 the case was sent back to this Court for trial. We are

*Mills Court Reporting,  1615 Sunset, N Muskegon, MI 49445   231-744-6823*

3

Certified Document - File Locator: MUS-J68GD6-A0C8FB2E - Monday, May 07, 2018 3:12 PM Eastern Daylight Time - Page 41 of 50

(Videotape, 09-03-14; 2:14:37)

1  set for trial next week.
2      I'm requesting an adjournment, just a very brief
3  adjournment.  I have a proposed new trial date of
4  September 30th.
5      THE COURT: You got that from Laurie?
6      MS. JOHNSON: I did not get that from Laurie.
7  That's what I'm proposing to the Court now.
8      THE COURT: Oh.
9      MS. JOHNSON: We do have only one other case set
10 for trial that week last I checked.
11     THE COURT: One case?
12     MS. JOHNSON: Yes.
13     THE COURT: Wonder why that is?
14     MS. JOHNSON: Our trial docket's really come down
15 a lot recently.
16     THE COURT: I don't know about that but okay.
17 But anyway, so what's the other case that's set that week?
18     MS. JOHNSON: Marshall Cooper, which is --
19     THE COURT: Is he incarcerated?
20     MS. JOHNSON: He is not incarcerated.
21     THE COURT: Okay.
22     MS. JOHNSON: And he previou -- he recently
23 changed lawyers and we are now having negotiations on that
24 case for the first time.
25     THE COURT: Okay.  Is that the one -- who was

*Mills Court Reporting, 1615 Sunset, N Muskegon, MI 49445  231-744-6823*

4

(Videotape, 09-03-14; 2:14:37)

1  representing him initially?
2          MS. JOHNSON: Mr. Pannucci.
3          THE COURT: Oh, yes. Okay. Now who's his
4  lawyer?
5          MS. JOHNSON: Mr. Nolan.
6          THE COURT: Okay. So you think there's a chance
7  that might resolve?
8          MS. JOHNSON: Yes.
9          THE COURT: I see. Okay.
10         MS. JOHNSON: My basis for requesting this
11 adjournment is two parts. First, I have listed an expert
12 witness, Barb Cross, who I feel is necessary to presenting
13 this case to a jury. She's unavailable next week. My
14 second reason for requesting this adjournment is that
15 defense counsel filed an alibi notice yesterday, which is
16 untimely within the Rule requiring it to be ten days out.
17 It was received seven days out from trial.
18         THE COURT: Okay. Ms. Baker, anything you want
19 to say?
20         MS. BAKER: Well, your Honor, I think
21 Ms. Johnson's explanation of the procedural history in
22 this case is factually accurate. What I -- and I did file
23 an alibi notice to -- for one particular reason. It is
24 not a particularly -- it is an unusual fact situation.
25 This young lady testified at prelim about the specific

*Mills Court Reporting, 1615 Sunset, N Muskegon, MI 49445  231-744-6823*

5

Certified Document - File Locator: MUS-J68GD6-A0C8FB2E - Monday, May 07, 2018 3:12 PM Eastern Daylight Time - Page 43 of 50

(Videotape, 09-03-14; 2:14:37)

1  time frame that this occurred, and I am concerned that
2  based on the allegation -- or the Information has a two-
3  year framework here, and my client does have an alibi to
4  establish that he was not in the location where the victim
5  described during those time frames if the victim were to
6  testify at trial to a different timeline rather than the
7  testimony she had at prelim.  She narrowed it down to
8  2012, and if we are looking at 2010 or 2011, there is a
9  potential alibi, and if she changes her testimony I need
10 it to cover my bases.  And that's why it was long thought
11 out and long looked into, your Honor, and that's why it
12 was filed at that time.
13          With respect to the witness in this particular
14 case, I believe Ms. Johnson is indicating -- or at least
15 she indicated to me it was Barb Cross, who I think she
16 proposes to offer as an expert in this matter.  I will
17 note that Ms. Cross was not on the original pretrial form
18 that was given at the original pretrial, nor is she on the
19 pretrial form that was submitted after the pretrial in
20 September.  So she is not an endorsed witness in this
21 particular case.  There was a motion before the trial date
22 to add her as a witness, but she has not been an endorsed
23 witness before this Court, so we are opposing that.  My
24 client has been in jail since, I think, February 5th, and
25 he -- this has been delayed, I think by the prosecutor,

*Mills Court Reporting, 1615 Sunset, N Muskegon, MI 49445  231-744-6823*

6

Certified Document - File Locator: MUS-J68GD6-A0C8FB2E - Monday, May 07, 2018 3:12 PM Eastern Daylight Time - Page 44 of 50

(Videotape, 09-03-14; 2:14:37)

1  and we're prepared to go forward next week.  We have
2  witnesses subpoenaed and if the Court is going to
3  entertain an adjournment, I'd ask the Court to consider a
4  reduction in his bond so that he can further assist me in
5  preparing for trial.  He does have a place to go and he
6  will abide by any conditions that the Court wants to
7  impose.
8              THE COURT: The -- do you know why it was -- we
9  originally had a trial date of June 3rd but we adjourned
10 that because already stipulated to remand it to District
11 Court for a prelim; right?
12             MS. BAKER: That's correct.
13             MS. JOHNSON: Yes.
14             THE COURT: Then we had a trial date of August
15 9th.  Do we know why it got pushed back there?  Was it
16 because we were trying another case or --
17             MS. JOHNSON: No, your Honor, it was a -- I have
18 that it was just a pretrial on August 1st and that
19 September 9th --
20             THE COURT: Okay.  Maybe that's a mistake on the
21 front of the file.  Maybe it should be September 9th
22 instead of August 9th.  Okay.
23             MS. BAKER: August 1st was when we had a
24 pretrial.
25             THE COURT: Okay.  So it wouldn't have been set

*Mills Court Reporting,  1615 Sunset, N Muskegon, MI 49445   231-744-6823*

7

*Certified Document - File Locator: MUS-J68GD6-A0C8FB2E - Monday, May 07, 2018 3:12 PM Eastern Daylight Time - Page 45 of 50*

(Videotape, 09-03-14; 2:14:37)

1  for trial on August 9th.

2  MS. BAKER: No.

3  THE COURT: Okay. That's a mistake on the front
4  of the file. Now with regard to the matter of -- well,
5  here's the way I see it. The court rule pretty well
6  answers this. The prosecution is entitled to ten days'
7  notice as I understand the court rule of an alibi defense.
8  And if only seven days was provided, then I mean, you
9  know, I'm gonna file the court rule. On the other hand,
10 if you're willing to withdraw your alibi defense, then I
11 might view the request for an adjournment differently
12 because I don't find the fact that Ms. Cross is not
13 available as a basis for me to adjourn this. Ms. Cross,
14 you know -- I mean this case has been set for trial for --
15 I think we set it on August 1st, you know. I mean, this
16 man's in jail. - I'm sorry Ms. Cross -- I mean, put a
17 subpoena on it, you know, that's the only thing I can say,
18 but the alibi thing's a different issue. So, I mean, if
19 you want -- you know, you're certainly entitled to have an
20 alibi defense and I don't want to deprive you of that
21 opportunity even though it's a late filing but, you know,
22 if you're going to insist on it, then she's entitled to
23 have the ten days' notice, so ...

24 MS. BAKER: Well, that -- that presents a tough
25 situation for my client, your Honor.

*Mills Court Reporting, 1615 Sunset, N Muskegon, MI 49445   231-744-6823*

8

(Videotape, 09-03-14; 2:14:37)

1  THE COURT: Yeah, I agree, but you're gonna have
2  to make that call.
3  MS. BAKER: I agree. My -- my issue would be if
4  the Court views the issue -- if this victim takes the
5  stand and changes her timeline, I don't want to give up my
6  defense.
7  THE COURT: Yeah, I understand.
8  MS. BAKER: And that's my concern is that she's
9  going to take the stand and change that time frame unless
10 I have some assurance about that, unless the Court is
11 willing to indicate that it would be a -- that it would be
12 proper rebuttal evidence. That's my --
13 THE COURT: Well, I mean, but they're entitled to
14 notice is the point, so, you know --
15 MS. BAKER: Sure.
16 THE COURT: And certainly I'm not being critical
17 of you wanting to pursue that. I'm just saying if you do,
18 I mean they're entitled to ten days' notice, they didn't
19 get it so, you know, I'm inclined to grant the
20 adjournment.
21 MS. BAKER: Okay. Well, I'm gonna need a couple
22 of minutes to talk with my client, your Honor, if you
23 don't mind.
24 THE COURT: Okay, sure.
25 MS. BAKER: Thank you.

*Mills Court Reporting, 1615 Sunset, N Muskegon, MI 49445  231-744-6823*

9

Certified Document - File Locator: MUS-J68GD6-A0C8FB2E - Monday, May 07, 2018 3:12 PM Eastern Daylight Time - Page 47 of 50

(Videotape, 09-03-14; 2:14:37)

1  THE COURT: Let me know when you're ready.
2      (Off the record at 2:23:52.)
3      (Court resumes at 2:40:43.)
4  THE COURT: Okay. 14-64458.
5  MS. BAKER: Your Honor, thank you for that time
6  to discuss the matter with Mr. Rainbolt and he wishes to
7  preserve his alibi notice, and so we are not withdrawing
8  it at this time.
9  THE COURT: Okay. Then we will grant the
10  adjournment and we'll set a new date and see it from
11  there.
12  MS. BAKER: Okay. Are we thinking the 30th is
13  definitely the --
14  THE COURT: Well, I don't want to commit to that.
15  I don't know. I mean, I'd like to do it then but I can't
16  say for sure right now.
17  MS. BAKER: Okay.
18  THE COURT: When was this bound over for the
19  second time, August 1st?
20  MS. BAKER: July 2nd. August 1st was the
21  pretrial.
22  THE COURT: Okay. Second bind-over was July 2nd.
23  MS. BAKER: That would have been the prelim date,
24  so it probably would be the following week, around the
25  9th.

*Mills Court Reporting, 1615 Sunset, N Muskegon, MI 49445  231-744-6823*

10

Certified Document - File Locator: MUS-J68GD6-A0C8FB2E - Monday, May 07, 2018 3:12 PM Eastern Daylight Time - Page 48 of 50

(Videotape, 09-03-14; 2:14:37)

1   MS. JOHNSON: I'm sorry.

2   THE COURT: Let's see. July 2nd was a Wednesday,
3   so it would have been bound over on Friday, is that when
4   they do the bind-overs?

5   THE CLERK: Yeah, I think it would have been the
6   next week though, Judge.

7   MS. BAKER: It would have been the next Monday, I
8   think.

9   THE COURT: Okay, July 7th, okay. I'll put that
10  on the file. Okay, thank you very much. You need to do
11  an Order to that effect, Ms. Johnson.

12  MS. JOHNSON: Yes, your Honor.

13  (Court adjourned at 2:42:11.)

14                      -oOo-

*Mills Court Reporting, 1615 Sunset, N Muskegon, MI 49445  231-744-6823*

11

Certified Document - File Locator: MUS-J68GD6-A0C8FB2E - Monday, May 07, 2018 3:12 PM Eastern Daylight Time - Page 49 of 50

(Videotape, 09-03-14; 2:14:37)

STATE OF MICHIGAN        )
                         )    SS
COUNTY OF MUSKEGON       )

    I, certify that this transcript, consisting of 12 pages is a complete, true, and correct transcript of the videotaped proceedings and testimony taken in PEOPLE V RAINBOLT, 14-64458-FC on September 3, 2014, Videotaped.

*\*\*Please note proper names and/or case names unknown to this reporter are spelled phonetically and may not be correct.*

*Bobbie Springer*
Bobbie Springer
Certified Court Recorder 3408

*Mills Court Reporting,   1615 Sunset, N Muskegon, MI 49445   231-744-6823*

Certified Document - File Locator: MUS-J68GD6-A0C8FB2E - Monday, May 07, 2018 3:12 PM Eastern Daylight Time - Page 50 of 50