

CCR-00
NOT PROPOSED

# STATE OF MICHIGAN

## IN THE 14TH CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

* * * *

| | |
|---|---|
| THE PEOPLE OF THE<br>STATE OF MICHIGAN, | HON. WILLIAM C. MARIETTI |
| vs. | Case No. 14-064458-FC |
| DEREK JAMES RAINBOLT, | |
| Defendant._____/ | |

| | |
|---|---|
| CHARLES F. JUSTIAN (P35428)<br>Senior Assistant Prosecuting Attorney<br>5th Floor – Hall of Justice<br>990 Terrace Street<br>Muskegon, MI 49442 | Derek James Rainbolt, #295049<br>Defendant In Propria Persona<br>Thumb Correctional Facility<br>3225 John Conley Drive<br>Lapeer, MI 48446 |

* * * *

At a session of said Court held in the Hall of Justice, in the city of Muskegon, county and state aforesaid on the 15th day of March 2018.

PRESENT: HONORABLE WILLIAM C. MARIETTI
Circuit Judge

### OPINION AND ORDER RE: MOTION FOR RELIEF FROM JUDGMENT

Following denial of his appeal of right, the Defendant filed application for leave which also was denied by the Supreme Court. Now he files a motion for relief from judgment which raises five issues. Since all of these issues could have been raised in his appeal, the Defendant must show good cause for failure to do so as well as actual prejudice resulting therefrom. MCR 6.508(D).[1]

---

[1] Defendant claims he is innocent of the charges and that the good cause requirement should be waived. MCR 6.508(D)(3). Of course, every defendant is presumed to be innocent. To have the benefit of this subsection 3, there must be a "significant possibility" that he is innocent. This means something more than the presumption points to

1

The Defendant alleges that the ineffective assistance of his appellate counsel satisfies the good cause requirement. *See, People v Reed*, 449 Mich 375; 535 NW2d 496 (1995). To establish this claim the Defendant must show both incompetence and prejudice. *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). The alleged incompetence is the failure to raise the issues presented in this motion. In support of this position the Defendant refers to standard 9 of the Minimum Standards for Indigent Criminal Appellate Defense Services. *Reed, supra*, makes it clear that this is not the measure for evaluating competency of appellate counsel. The failure to raise an arguable claim on appeal does not necessarily show incompetence. *Id.* Indeed, an appellate lawyer's decision to eschew weaker positions in favor of more promising arguments is not evidence of ineffective assistance. *Jones v Barnes*, 463 US 475; 103 S Ct 3308; 77 L Ed 2d 987 (1983). This is because the defendant must prove that his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and that the decision to focus on one issue in the appeal was not sound strategy. *Kimmelman v. Morrison*, 477 US 365; 106 S Ct 2474; 91 L Ed 2d 305 (1986). Indeed, this appears to be a strategic decision by counsel since, according to the Defendant, he had apprised his lawyer of these issues during the preparation of the appeal. Moreover the Defendant filed a *pro se* application for leave to appeal in the Supreme Court which raised the issues presented in this motion and leave was denied. The Defendant has failed to sustain his burden to demonstrate either that his appellate counsel's performance fell short of professional norms or was

---

innocence. The Defendant's claims of innocence in a motion and brief do not elevate the presumption to a significant possibility nor is the Court convinced that his conviction was a miscarriage of justice.

not sound strategy, and, therefore, there is no good cause for failure to raise the issues on his appeal of right, and the motion can be dismissed on this basis.

Assuming, *arguendo* there is good cause and prejudice that meets the requirements of MCR 6.508(D)(3), the Court will address the merits of the issues raised. The first issue involves the Defendant's claims that the proofs varied from the time frame alleged in the information. This case involved a child victim, age 13-14.[2] Time is not of the essence in a criminal sexual conduct prosecution involving a child. *People v Dobeck*, 274 Mich App 58; 732 NW2d 564 (2007). This maxim is not affected by the presentation of an alibi defense. *Id*. A variance between the proofs and the time charged in the information is not a basis for setting aside a conviction unless time is of the essence. MCL 767.45(1)(b). In addition, the Court notes that there was testimony from the victim that supports a finding that the offense occurred within the time frame alleged in the information which was August 2010 to January 2012. The victim testified that the incident occurred during the 2011-12 school year. There is no merit to this issue.

The second issue relates to evidence of specific instances of the victim's conduct that was excluded. It is alleged there was error in the Court's decision to exclude evidence about the victim's sexual activity with her stepsister. This evidence is not admissible. MCL 750.520(j).[3] The Defendant also contends he should have been allowed to inquire about specific instances of the victim's falsehoods. The Court

---

[2] The Court of Appeals has applied the holding in *People v Dobek*, 274 Mich App 58; 732 NW2d 564 (2007) to a 14-15 year old victim's case. *People v Beckwith*, unpublished opinion of the Court of Appeals, *per curiam*, decided 7/29/10 (Docket No. 289998).
[3] Application of this statute does not violate the constitutional right to confrontation. *People v La Porte*, 103 Mich App; 303 NW2d 222 (1981).

3

allowed the Defendant to cross-examine the victim regarding her history of lying and the family intervention that it generated. In addition, the defense was allowed to present evidence that the victim liked to tell stories. Extrinsic evidence regarding specific instances, however, was ruled inadmissible. There was no error in this ruling. MRE 608.

The next issue relates to the admission of testimony from two expert witnesses. The Defendant contends that Barbara Cross should not have been allowed to testify about delayed disclosure by child victims of criminal sexual conduct. The witness was properly qualified to testify as an expert on this matter. The Defendant attacked the credibility of the victim by noting, *inter alia*, the delay in disclosure. While the Defendant is correct in his argument that any expert may not testify that a victim's behavior is consistent with that of a child who has been sexually abused, that was not the testimony offered by Ms. Cross. The testimony that she did, in fact, present related to the matter of delayed disclosure and was authorized in *People v Peterson*, 450 Mich 349; 537 NW2d 857, amended 450 Mich 1212 (1995).

The Defendant also contends that the testimony of Dr. Sims was inadmissible because it bolstered the victim's credibility. He specifically cites pages 93 and 100 of the transcript. The witness' testimony addressed whether there was physical evidence of penetration and the significance of its presence or absence. That is relevant testimony that was within the scope of the doctor's expertise. There was no error in the admission of the testimony of the expert witnesses.

The fourth issue involves several instances of alleged prosecutorial misconduct. The first instance is a claimed *Brady* violation for failure to disclose records

4

about the victim's prior unsubstantiated sexual encounters with her stepsister and other specific instances of alleged untruths.[4] There is no proof that these records were in the possession of the prosecutor. Moreover, the Court has already determined, *supra*, that these materials were not admissible. Thus, there is no probability that the outcome of the trial would have been different had the Defendant been provided with these documents. *See, Brady, supra.*

The next allegation of misconduct involves the prosecutor making a closing argument that the victim's testimony was neither impeached nor controverted and misstatements of fact. There was no objection to these comments so the question becomes whether this was plain error that affected the Defendant's substantial rights. Reversal is not warranted where a curative instruction could have alleviated any prejudicial effect. *People v Unger*, 278 Mich App 210; 749 NW2d 272 (2008). In this case the jury was instructed twice that they were not to consider lawyers' statements as fact unless supported by the evidence or their own general knowledge.

The Defendant also contends that the prosecutor improperly vouched for the victim's credibility. Certainly a prosecutor is prohibited from asserting her personal belief of a witness' testimony. However, that is not what the prosecutor in this case argued. The Defendant references page 22 of the prosecutor's closing argument where she pointed out that the victim shed tears during her testimony that were real. As the Court ruled at that time, this is not vouching. She, in essence, argued that based upon

---

[4] *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963). Contrary to the Defendant's assumptions, unsubstantiated claims are not the equivalent of false claims which would support an attack on the veracity of the victim.

5

the evidence, not the prosecutor's personal beliefs, the victim should be believed by the jury; that is not improper vouching. See, e.g., Transcript p 46.

Next the Defendant argues that the prosecutor called him a rapist, said that he had a small penis and shifted the burden of proof to him to counter the victim's testimony. A review of the transcript reveals that the prosecutor commented that rapists don't commit their deeds in view of witnesses. As for the comment on his anatomy, this became relevant given the Defendant's cross-examination of Dr. Sims regarding the lack of physical evidence of penetration. Finally, the burden of proof argument has already been rejected by the Court of Appeals in this case.

The final claim of misconduct is the prosecutor's reference to jury instructions in her closing statement. That is not improper in light of the Court's admonishment to the jury that if a lawyer says something about the law that differs with the judge, it is the latter that must be followed. With that charge to the jury it is presumed that any statement about the law by the prosecutor was not harmful. See, Reed, supra.

Lastly, since many of the claims of misconduct are unfounded, there is no cumulative effect. Prosecutorial misconduct will not support granting this motion.

Defendant makes the claim that his trial counsel was ineffective for failing to call an expert witness. To obtain relief on this basis the Defendant has the burden to show that there is a reasonable probability that, but for the error, the result of the trial would have been different. People v Carbin, 463 Mich 590; 623 NW2d 884 (2001). In support of this argument the Defendant submitted an interview with an attorney who referenced testimony from a case by a forensic psychologist that the adolescent victim may have had a mindset that caused her to interpret what was otherwise a non-sexual

experience involving her friend as one that was sexually directed towards her. The Defendant also contends that an expert for the defense could have addressed problems with the forensic interview of the victim. This assumes there were "problems" with the forensic interview. The testimony at trial was that an experienced interviewer complied with Michigan Forensic Interviewing Protocol. It is entirely speculative to extrapolate from the article about the attorney's interview that the facts in this case would have supported the theory put forth in that case. In addition, the Defendant has failed to cite any errors in the forensic interview that was conducted in this case that could be exposed by another expert. The Defendant has not demonstrated a reasonable probability that the result of the trial would have been different if his counsel had called an expert witness.

The Defendant also finds error in his counsel's failure to call lay witnesses. Specifically, he refers to the victim's therapist who could have provided information about her client. Of course, any information provided by a patient to her therapist is confidential and not available in a trial. The Defendant complains that his counsel failed to call the victim's stepfather to testify about a false accusation she made against him regarding an assault, and the officer who took the report. The Court has already ruled the specific instances of the victim's untruthfulness may not be established by this extrinsic evidence. The failure to investigate or call lay or expert witnesses did not constitute ineffective assistance of counsel.

The Defendant also submits that his counsel should have asserted a hearsay objection to the testimony of the victim's friend and mother that she told them about the

7

offense.[5] Defense counsel made it clear that she intended to attack the credibility of the victim in her opening statement. During the trial she advised the Court that she intended to allege that the victim fabricated the offense when confronted with the possibility of returning to the Defendant's custody. She followed through with her intention by making this argument in her closing statement to the jury. The disclosure to the victim's friend was a prior consistent statement that preceded the mention of returning to her father's custody. It is not hearsay and, therefore, any objection would have been meritless. MRE 801.

The Defendant submits that his counsel's failure to object to the aforementioned matters constituted ineffective assistance. The Court has ruled that there was no basis for objection and, therefore, this contention is not warranted.

Next, the Defendant argues that he should have his conviction set aside because it was against the great weight of the evidence. The essence of this argument is that the victim's testimony was uncorroborated and incredible. The Defendant demanded a trial by jury which means the jurors, not this Court, were the evaluators of credibility of the victim. The Court is not convinced that the victim's testimony was so patently incredible that the jury verdict should be overturned.

The Defendant's claim of innocence based upon lack of corroboration is simply not supported by the law. Her testimony need not be corroborated to sustain a conviction. MCL 750.520(h).

Finally, the Defendant claims he is entitled to a new trial because his grandmother told him there was a message on Facebook by the victim's mother that the

---

[5] The trial transcript does not reveal any testimony from the victim's mother that her daughter told her she was raped by her father.

8

victim had surgery for a Chiari Malformation between two and three years after she first disclosed this incident which occurred a year earlier. The Defendant contends that this impeaches the victim's testimony.

To merit a new trial based upon newly discovered impeachment evidence, the Defendant must show: 1) the evidence was newly discovered, 2) it was not cumulative, 3) he could not have discovered this evidence before trial through reasonable diligence, and 4) the fact that the victim had this surgery makes a different result probable on retrial. *People v Cress*, 468 Mich 678; 664 NW2d 174 (2003). Overshadowing this four-part test is the principle that newly discovered impeachment evidence does not ordinarily justify a new trial. *People v Grissom*, 492 Mich 296; 821 NW2d 50 (2012).

First, the Court notes that a defendant's claim that his grandmother told him she saw this evidence on a Facebook message from another person his hardly reliable proof that the new evidence exists. For that reason alone, this is not a basis for a new trial. As for the *Cress* factors, this evidence would fulfill the first three requirements. However, the Defendant has not shown that it is *probable* that the fact that the victim had surgery for Chiari Malformation two to three years after her disclosure would have generated a different result in his trial.

The motions for evidentiary hearing and relief from judgment are **DENIED.**

**IT IS SO ORDERED.**

_____
Hon. William C. Marietti

**PROOF OF SERVICE**
Service of a copy of this document was made this date upon all parties who have appeared or their attorneys of record by delivery of mail pursuant to MCR 2.107(C). I declare that the statements above are true to the best of my information and belief.
Dated: 3/16/18  Signed: J. Leybourne
via ✓ first class mail ___ hand delivery ___ FAX ✓ inter-office mail