# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DEREK RAINBOLT,

                Petitioner,

v.

                Case No. 17-13496
                Hon. Terrence G. Berg

THOMAS WINN,

                Respondent.

## OPINION AND ORDER HOLDING CASE IN ABEYANCE AND DENYING MOTION TO DISMISS

Derek Rainbolt filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges Petitioner's Muskegon Circuit Court jury trial conviction to first-degree criminal sexual conduct. MICH. COMP. LAWS § 750.520b.

The petition raises nine claims: (1) the prosecutor committed misconduct at trial, (2) Petitioner was denied the effective assistance of appellate counsel, (3) the prosecutor improperly altered the time-frame for the offense, (4) Petitioner was denied the right to present prior acts evidence of the complainant, (5) the trial court erroneously admitted expert testimony, (6) the prosecutor denied Petitioner's due process rights, (7) Petitioner was denied the

1

effective assistance of trial counsel, (8) Petitioner is actually innocent, and (9) Petitioner has newly discovered evidence.

Presently before the Court is Respondent's motion to dismiss the petition on the grounds that Petitioner's second through ninth claims have not been exhausted in the state courts. Dkt. 12. Because of concerns posed by the statute of limitations, the Court will deny the motion and instead hold the case in abeyance while Petitioner exhausts his state court remedies.

## I. Background

Following his conviction and sentence Petitioner raised what now forms his first habeas claim in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. *People v. Rainbolt*, 2016 WL 1688917 (Mich. Ct. App. April 26, 2016). Petitioner then filed a *pro se* application for leave to appeal in the Michigan Supreme Court which apparently raised the same claim. On October 26, 2016, the Michigan Supreme Court denied the application for leave to appeal by standard form order. *People v. Rainbolt*¸ 886 N.W. 2d 628 (Mich. 2016) (Table). The statute of limitations for filing his federal habeas petition began running 90 days later, on January 24, 2017.

On October 26, 2017, Petitioner commenced the present action by filing a motion to hold his habeas petition in abeyance, and on

2

December 1, 2017, he filed a petition raising the nine claims outlined above.

On November 29, 2017, Petitioner filed a motion for relief from judgment in the trial court, raising his unexhausted claims. The trial court denied the motion on March 15, 2018. According to the Michigan Court of Appeals website, Petitioner filed an application for leave to appeal this order on September 17, 2018, and that appeal remains pending.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to present all their claims to the state courts before raising their claims in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Thus, to be properly exhausted, each habeas claim must have been fairly presented to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Federal district courts ordinarily must dismiss a habeas petition containing

3

any unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982).

Petitioner's first habeas claim was exhausted during his direct appeal, but his other claims have not been presented through all levels of state court review. Thus, the habeas petition consists of one exhausted claim and eight unexhausted claims.

The outright dismissal of the petition while Petitioner exhausts his state remedies with respect to his unexhausted claims could result in a subsequent petition being barred by the applicable one-year statute of limitations. Nine months had already expired on the statute of limitations when Petitioner initiated this action. Given the tension created by the interplay between the statute of limitations and the exhaustion requirement, courts are permitted to employ a "stay-and-abeyance" approach. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). This approach allows a district court to stay the federal proceeding and hold the habeas petition in abeyance while the petitioner pursues state remedies for his unexhausted claims. *Id*. After the state court completes its review of the petitioner's claims, the federal court can lift its stay and allow the petitioner to proceed in federal court. *Id*. at 275–76.

This stay-and-abeyance procedure is appropriate only in "limited circumstances." *Id*. at 277. However, "it likely would be an abuse of

discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. "In such circumstances, the district court should stay, rather than dismiss, the mixed petition," because "the petitioner's interest in obtaining federal review of his claims outweighs the competing interest in finality and speedy resolution of federal petitions." *Id*.

On the record provided, it cannot be determined whether Petitioner's unexhausted claims are plainly meritless, and in any event, he claims his appellate counsel was ineffective for failing to raise them on direct review. Furthermore, there is no indication or allegation by Respondent that Petitioner is engaged in intentionally dilatory litigation tactics.

### III. Conclusion

Accordingly, the Court will deny Respondent's motion to dismiss, and instead it will stay the petition and hold the case in abeyance while Petitioner completes exhaustion of his state court remedies for his unexhausted claims.

The Court orders Petitioner to pursue timely appeals through all levels of state review, and if he is unsuccessful in state court and

wishes to return to federal court, he must move to re-open this case and file an amended petition within sixty (60) days of exhausting state remedies for his claims. The motion must include the same case number that appears on this order. Failure to comply with the conditions of this stay could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

Finally, to avoid administrative difficulties, the Court orders the Clerk of Court to close this case. Nothing in this order shall be considered a disposition of the habeas petition.

**SO ORDERED**.

Dated: December 20, 2018

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on December 20, 2018.

s/A. Chubb
Case Manager